## Lewis Estate

*Richard W. Garnett, 3rd,* for appellant.

*John G. Siegle,* for appellee.

SWENEY, P. J., May 7, 1970.—Testator died August 11, 1964, leaving a will, dated April 26, 1960, in which he left his estate "to the persons, and in the amounts, as set forth on a list which is annexed hereto and made part hereof and dated and signed by me." By handwritten paper, dated November 17, 1960, and signed at the end by testator, testator referred to this provision in the will and set forth his wishes with respect to the division of his estate. This list contains various deletions and insertions in testator's handwriting but with different instruments from the instrument used by him to make the original list.

At the audit of the estate, objections were filed by George E. Lewis, Jr., to the proposed distribution, which were sustained by the court (VanRoden, P. J.). On November 1, 1966, exceptions having been filed to

the court's order, the case was remanded to the register of wills for further testimony. The register held a hearing de novo; the only witness was Norris W. McCool, an expert on handwriting and questioned documents.

Mr. McCool testified that:

1. The body, signature and dates on the writing dated November 17, 1960, were made with the same instrument and at the same time.

2. The writing was made with a blue-black ballpoint pen.

3. In places on the document, the blue-black pen was overwritten by a purple-blue ink pen, by a lead pencil and by a red crayon.

4. The overwriting and interlineations were done after the original writing.

This matter comes before us on objections of Margaret Searle, who was named in the original writing to receive a gift of $2,000; this amount was overwritten by testator and increased to $3,000 by superimposing a "3" on the "2"; then lines were run through the $3,000 and $7,000 placed above the $3,000.

The register found that testator had cancelled the bequest to Margaret Searle and this appeal followed.

In arriving at a decision in this matter, we find that:

(a) testator, in his own handwriting, drew up the "list" and dated and signed said paper;

(b) testator first intended a bequest of $2,000 to Margaret Searle; changed his mind and raised the bequest to $3,000 and still later raised the gift to $7,000;

(c) testator made the changes in the bequest to Margaret Searle at a date later than the original "list" but the changed document was not republished or re-executed by testator.

Appellant contends that the list in the altered form must be given effect because there is a presumption

that this paper was signed by testator after the changes were made and cites Molden Will, 387 Pa. 484 (1957), as authority. We find no fault with the law in Molden, but we do not feel that it controls our present case. The uncontradicted testimony is that the same pen wrote the list, the date and testator's signature, while the changes were made by different instruments. We hold that this overcomes the presumption.

In the alternative, appellant contends that the original bequest is valid even if the presumption has been overcome. Appellant cites Okowitz Will, 403 Pa. 82, 90 (1961); Rife Estate, 88 D. & C. 360, 4 Fid. Rep. 474 (1954), to sustain his position that there cannot be held to be a revocation in this case where it appears that testator was raising the amount of the bequest. Appellee contends that there was an obliteration of the original bequest by superimposing a "3" over the "2," thereby cancelling the bequest.

We are satisfied that originally testator intended a bequest of $2,000 for Margaret Searle and that the changes to $3,000 and then to $7,000 were done later and the change never republished.

## DECREE

And now, May 7, 1970, it is ordered and decreed that the bequest to Margaret Searle is allowed in the sum of $2,000.